NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 21 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROBERTO ANDERSON GONZALEZ-REYES,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-2292

Agency No.
A208-686-755

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2025**

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Roberto Anderson Gonzalez-Reyes, a native and citizen of El Salvador,

petitions for review of the agency's denial of his claims for asylum and

withholding of removal. Where, as here, the Board of Immigration Appeals

("BIA") cited *Matter of Burbano* in adopting and affirming the decision of the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Immigration Judge ("IJ"), we review the IJ's decision. *Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we review for substantial evidence factual findings underlying the agency's determination that Gonzalez-Reyes is not eligible for asylum or withholding of removal. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). Because the parties are familiar with the factual and procedural history of the case, we need not recount it here. We deny the petition.

Substantial evidence supports the agency's determination that Gonzalez-Reyes did not demonstrate that the Salvadoran government is or was unable to protect him from gang members' threats. The IJ acknowledged the prevalence of gangs in El Salvador described in the recent Department of State Country Report, but also noted the country's efforts to crack down on gang violence and incarcerate gang members. While sympathetic to Gonzalez-Reyes's belief that reporting to the police might be dangerous, the IJ concluded that simply reciting that subjective belief and submitting background evidence did not demonstrate that government authorities were unable or unwilling to protect him. Gonzalez-Reyes does not raise any new argument or point to any evidence compelling a contrary conclusion on appeal. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) ("Under [the substantial evidence] standard, we must uphold the agency determination unless the evidence compels a contrary conclusion.").

Substantial evidence also supports the agency's denial of relief based on Gonzalez-Reyes's failure to corroborate his claims with live testimony from his father. Under the REAL ID Act, Gonzalez-Reyes was required to submit reasonably obtainable evidence requested by the IJ to corroborate his testimony. 8 U.S.C. §§ 1158(b)(1)(B)(ii), 1231(b)(3)(C). Here, the IJ gave Gonzalez-Reyes clear advanced notice at a prior hearing to present testimony of live witnesses in the United States—namely, his asylee father—who had direct or indirect knowledge of the underlying claims. When asked why his father was not available to testify, Gonzalez-Reyes offered no explanation why his father could not appear by video conference from New Jersey. This failure to supply corroborating evidence or otherwise explain why it was not reasonably obtainable was sufficient grounds to deny asylum and withholding of removal.

**PETITION DENIED.**